**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mohamoud M.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David J. Venturella, *Acting Director of United States Immigration and Customs Enforcement*; and David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, in their official capacities,

Respondents.

File No. 26-CV-03507 (JMB/DTS)

**ORDER**

---

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Mohamoud M.

David W. Fuller and David R. Hackworthy, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Mohamoud M.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood as

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Respondents. (*Id.*) For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1. Mohamoud M. is a native and citizen of Somalia. (Doc. No. 7-1 at 1.)

2. Mohamoud M. has lived in the United States since 2023 after he fled Somalia to avoid the ongoing violence targeting members of his clan. (Pet. ¶ 11.) Mohamoud M.'s father died at the result of the violence in Somalia and Mohamoud M. himself was detained and tortured. (*Id.*) Mohamoud M. managed to escape Somalia and continues to struggle from PTSD and extreme trauma following the violence he endured. (*Id.*)

3. Mohamoud M. entered the United States through San Ysidro, California on February 25, 2026. (*Id.* ¶ 12; Doc. No. 7-4 at 1.) He was detained by immigration authorities for two days and then released pursuant to an Order of Release on Recognizance. (Pet. ¶ 12.) Mohamoud M. was also given a Notice to Appear (NTA) at immigration court in Colorado. (*Id.*)

4. Mohamoud M. timely filed an application for asylum which was denied by an immigration judge on April 8, 2026. (*Id.* ¶¶ 13–14; Doc. No. 7-3 at 6.)

5. Because of his ongoing fear in returning to Somalia, Mohamoud M. traveled to Canada to apply for asylum there. (Pet. ¶ 14.) Mohamoud M. entered Canada on April 16, 2026. (Doc. No. 7-1 at 2.) Canadian authorities took Mohamoud M. into custody, took him back to the United States-Canada border, and transferred him to the custody of United States Customs and Border Protection. (Pet. ¶ 14.)

6. Mohamoud M. was administratively processed on April 30, 2026, and placed in custody at Kandiyohi County Jail in Willmar, Minnesota. (Doc. No. 7-1 at 4.) There,

immigration officials presented him with both Forms I-200 and I-205. (*Id.*)

7. On May 2, 2026, Mohamoud M. timely appealed the denial of his asylum case which remains pending before the Board of Immigration Appeals (BIA). (*Id.* ¶ 15; Doc. No. 6 at 3.)

8. As of November 3, 2026, Mohamoud M. has been detained in Kandiyohi County Jail for more than 180 days. (Pet. ¶ 6.)

9. On August 4, 2026, Mohamoud M. filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

10. On August 5, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on August 11, 2026. (Doc. No. 4.) Respondents filed a timely response. (Doc. No. 6.)

11. On August 11, 2026, the Court ordered Mohamoud M. to file a reply on or before 11:00 a.m. on August 14, 2026. (Doc. No. 8.) Mohamoud M. filed a timely response. (Doc. No. 10.)

12. On October 30, 2026, Mohamoud M. filed a status report with the Court requesting permission to supplement the factual record having discovered that the BIA has accepted briefings from the parties in this case. (Doc. No. 12.)

## DISCUSSION

In his Petition, Mohamoud M. seeks immediate release, or in the alternative, a bond hearing, arguing that his detention is invalid under the requirements of the Immigration and Nationality Act, as well as the Fourth Amendment of the U.S. Constitution and the Due Process Clause of the Fifth Amendment. In response to the Petition, however,

Respondents argue that Mohamoud M. is subject to mandatory detention pursuant to 8 U.S.C. § 1231. For the reasons set forth below, the Court grants the Petition.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Invalidity of Form I-205**

The parties disagree as to whether Mohamoud M. is subject to mandatory detention pursuant to 8 U.S.C. § 1231. For the reasons below, the Court finds that Respondents' reliance on section 1231 is premature given Mohamoud M.'s pending appeal.

Respondents use two different forms to justify taking someone into custody, depending on the stage of a given case. The first form, the Form I-200, authorizes a non-citizen's detention if it is issued "[a]t the time of issuance of the [NTA], or at any time

thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b) (emphasis added). The second form, the Form I-205, authorizes a non-citizen's detention after issuance of a "final administrative order in the [non-citizen's] case." 8 C.F.R. § 241.2(a)(1); *see also* 8 C.F.R. § 241.3(a) (stating that a non-citizen subject to a final order of removal "will be taken into custody pursuant to the warrant of removal"). Relevant here, an order of removal becomes administratively final either "(a) [u]pon dismissal of an appeal by the [BIA]; or (2) [u]pon waiver of appeal by the respondent." 8 C.F.R. § 124.1(a)–(b). The right to appeal can be constructively waived upon "[d]eparture from the United States of a person who is the subject of deportation proceedings, prior to the taking of an appeal from a decision in his or her case." 8 C.F.R. § 1003.3(e).

Here, Respondents argue that Mohamoud M.'s attempt to leave the United States for Canada is a constructive waiver of appeal of the Immigration Judge's adverse asylum decision, permitting detention pursuant to a Form I-205. (Doc. No. 6 at 4–5.) However, the Court's analysis cannot end at the point that Mohamoud M. attempted to leave the United States, and subsequent actions make clear there can be no constructive waiver of appeal. After attempting to depart from the United States, and after being returned to the United States, Mohamoud M. appealed the denial of his asylum application, and the BIA has accepted the appeal. (Pet. ¶ 15.) Because there is a pending appeal with the BIA, the Form I-205 cannot justify Mohamoud M.'s ongoing detention under section 1231. *See Kevin J.R.M v. Blanche*, No. 26-CV-3122 (KMM/JFD), 2026 WL 2230647, at *3 (D. Minn. Jul. 17, 2026) (concluding that Petitioner was not subject to detention under section 1231 because there was no administratively final order of removal "until the BIA finds that

Petitioner's appeal waiver was invalid and dismisses the [pending] appeal"), *report and recommendation adopted sub nom. Kavin J.R.M. v. Blanche*, No. 26-CV-3122 (KMM/JFD), 2026 WL 2227793 (D. Minn. Aug. 3, 2026); *Omar M. v. Garland*, No. 20-CV-1784 (NEB/BRT), 2026 WL 3442337, at *2 (D. Minn. Mar. 29, 2021) (finding that because Petitioner's appeal was still pending, his removal order was not final and he was not subject to detention under section 1231). In other words, the actual appeal before the BIA precludes Respondents from using Mohamoud M.'s actions as constructive waiver of appeal. Thus, the immigration judge's adverse asylum decision is not yet final.[2]

For these reasons, the detention of Mohamoud M. is unlawful, and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding Respondents' detention of petitioner was invalid warrantless detention and petitioner was

---

[2] In addition, Respondents make no argument regarding the Form I-200 in this case, and they advance no separate basis for detention beyond the Form I-205. Absent a well-developed legal argument, Respondents waive any argument based on the Form I-200. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000). Given the conclusion that Respondents have not advanced a separate basis for detention beyond the Form I-205, the Court need not determine the validity of the Form I-200.

entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *report and recommendation adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody").[3]

---

[3] Although the Court need not address the question whether Respondents' ongoing detention violates Mohamoud M.'s due process rights under the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in his favor. Mohamoud M. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting for over 180 days absent a valid statutory basis); the risk of erroneous deprivation through incarceration is needlessly high when available an inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community like Mohamoud M., who has no criminal record and had been conditionally paroled into the interior in 2023 upon a determination that he posed no such risks. (Pet. ¶¶ 12–13.) Thus, Mohamoud M.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM),

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Mohamoud M. immediately, without conditions, and in any event no later than 4:00 p.m. CT on November 4, 2026.

2. On or before 11:00 a.m. CT on November 5, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Mohamoud M.

3. On or before 11:00 a.m. CT on November 5, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Mohamoud M. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

---

2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

5. To the extent Petitioner Mohamoud M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 3, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court